**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF COLORADO**

Civil Action No.: 1:11-cv-00222-MSK-CBS

RIGHTHAVEN, LLC,

        Plaintiff,

v.

WILLIAM SUMNER, and
DAILYKIX.COM,

        Defendants.

---

**BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

---

COMES NOW Defendant William Sumner, by limited and special appearance and pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, and submits this his Brief in Support of his Motion to Dismiss for Lack of Personal Jurisdiction (the "Motion), and respectfully shows this Honorable Court as follows:[1]

---

[1] In the caption of its Complaint, Plaintiff names both Mr. Sumner and DailyKix.com as Defendants. While Plaintiff alleges in the caption that DailyKix.com is "an entity of unknown origin and nature", DailyKix.com is in fact not an organized legal entity. Rather, it is the domain name of a website owned and operated by Mr. Sumner. As DailyKix.com is not a person or legal entity, DailyKix.com is not capable of being sued. See, e.g., Aston v. Cunningham, 216 F.3d 1086 n. 3 (10th Cir. 2000) (dismissing Salt Lake County jail as a defendant because a detention facility is not a person or legally created entity capable of being sued). DailyKix.com should be dismissed for this reason alone.

Given that DailyKix.com is an improper Defendant as it lacks capacity to be sued, by appearing specially to contest this Court's jurisdiction, Mr. Sumner is appearing only in his individual capacity and not on behalf of the named Defendant DailyKix.com. To the extent that the Court finds that DailyKix.com is capable of being sued, Mr. Sumner respectfully requests that the Court construe Mr. Sumner's limited appearance as being made on behalf of both himself and on behalf of DailyKix.com.

## I. INTRODUCTION AND STATEMENT OF FACTS

**A.    Introduction.**

The Motion should be granted and this action should be dismissed for lack of personal jurisdiction. This case is one of many which the Plaintiff has recently filed in this Court. Plaintiff's serial filings are part of its concocted business scheme of using copyright law and the federal judicial system to attempt to coerce settlements from unwitting alleged infringers of Internet content in which the Plaintiff purportedly owns copyrights. Under the misguided and mistaken belief that all alleged infringers must answer its purported claims in the jurisdiction it chooses, Plaintiff has literally "set up shop" in the Clerk's office and has been filing numerous lawsuits against alleged infringers, without regard for the alleged infringer's contacts with the forum. In doing so, in many of the cases it has filed, Plaintiff is brashly attempting to stretch the reach of due process far beyond its constitutional limits. This is one such case.

**B.    Mr. Sumner.**

Mr. Sumner owns and operates the website DailyKix.com. [Declaration of William Sumner ("Sumner Dec."), at ¶ 2].[2] He does not operate the website for any business purposes or for profit. [Id.]. Rather, he simply runs this site as a personal hobby. [Id.].

**C.    DailyKix.com**

DailyKix.com is a social media aggregating website. [Id., at ¶ 5]. It is designed to help visitors find stories that are popular at other social media news sites. [Id.]. Mr. Sumner thus does not generate or select the content or material which Internet users view on DailyKix.com. [Id., at ¶ 6]. Rather, the DailyKix.com website displays titles, brief excerpts, and vote counts for popular stories at other social media news sites. [Id.]. If a visitor wishes to read a particular

---

[2] Mr. Sumner's Declaration is attached as Exhibit "A".

story, the visitor may click on a link to the source website for the story. [Id.]. That link will take the user to the website of the original source. [Id.].

The website works as follows: via automated code, the website queries other online media sources, such as the websites digg.com and mixx.com. [Id., at ¶ 7]. Digg.com and mixx.com are social media websites where news stories and other materials are also aggregated. [Id.]. These websites allow users to "share", "rate" or "like" content posted on these sites. [Id.]. When material or content at these other sites reaches a certain rating or popularity level, the DailyKix.com website will display the title, a brief excerpt and the vote count for the material. [Id.]. It will also provide a link to the source website. [Id.]. If there is a thumbnail image associated with the content, the DailyKix.com website sends code for an in-line link to the thumbnail image to the user's browser. [Id.]. This code is an instruction to the user's browser to access and link to the source website to obtain the thumbnail image so it can be displayed to the user. [Id.]. Thus, the thumbnail images associated with any material aggregated at DailyKix.com never actually reside on the server for the DailyKix.com website. [Id.].

The DailyKix.com website is thus a two-part automated aggregating site: 1) the website first sends out a request which queries the server of source websites to find materials and content which are popular; 2) it then sends code to the browser of an Internet user viewing the DailyKix.com website, which instructs the user's browser to display the title, excerpt, vote count and a link to the source of the story. [Id., at ¶ 8]. If there is a thumbnail image associated with the content, an in-line link to the thumbnail image on the source server is also sent to the user's browser, which instructs the user's browser to access the source website to obtain the thumbnail image so that it can be displayed to the user. [Id.]. Users of the DailyKix.com website do not interact with or exchange information with the site in this process. [Id.].

As the above explanation indicates, by its very nature, DailyKix.com could never and does not ever intentionally infringe on any alleged copyright material. [Id., at ¶ 9]. If an Internet user viewed alleged copyright material while browsing the DailyKix.com website because that material had been aggregated from another website, that material would have been viewable at the DailyKix.com website entirely unwittingly. [Id.].

**D.      The Photograph Giving Rise to this Lawsuit Unwittingly Appears on DailyKix.com.**

This is precisely what happened with respect to the alleged infringement giving rise to Plaintiff's claims in this lawsuit, which Plaintiff asserts Mr. Sumner must defend in Colorado. The thumbnail image of the photograph became viewable to users browsing the DailyKix website as a result of the following chain of events: The photograph was published on The Denver Post's website (www.denverpost.com). [Complaint, at ¶ 11; Exhibit 1 to Complaint]. Its subject matter was the new Transportation Security Administration ("TSA") pat-down rules, and it featured a male TSA agent performing an "enhanced pat-down" on a male airline passenger. [Id.]. The website Dead Serious News (www.deadseriousnews.com) published the photograph with an article parodying the topic of TSA pat-downs. [Sumner Dec., at ¶ 11]. Dead Serious News allows users to "share" articles on its site through other sites. [Id.]. One such site is Mixx.com. [Id.]. Using the Mixx sharing button on Dead Serious News, a visitor submitted the story to Mixx.com. [Id.]. Once the story received enough votes that it reached the "travel" page of Mixx.com, the story's title, an excerpt of the story, a link to the story at the source website (Mixx.com), a link to the story on Dead Serious News, the story's vote count and a link to the thumbnail image on the Mixx.com server were automatically imported to the DailyKix.com website. [Id.]. As with all thumbnail images associated with stories which are viewable on

4

DailyKix.com, the actual image file was never hosted, modified on or copied to the DailyKix.com server. [Id.].

### E. Mr. Sumner's Lack of Related or Unrelated Contacts with the Forum.

Mr. Sumner thus has no direct contacts with Colorado relating to Plaintiff's claim, and Mr. Sumner also lacks general contacts with Colorado. [Id., at ¶¶ 10-13]. The lone, highly attenuated contact which Mr. Sumner has with Colorado in relation to this lawsuit is the fact that a photograph allegedly emanating from Colorado may have been viewable to visitors to his automated website, only after that same photograph appeared on several other websites from which DailyKix.com directly and indirectly automatically aggregates material. [Id., at ¶ 12]. This is thus not an instance where Mr. Sumner or DailyKix.com accessed the Denver Post's website and secured the allegedly infringing photograph. [Id., at ¶ 10].[3]

Not surprisingly, under well-settled case law, the exercise of jurisdiction over Mr. Sumner under these circumstances would grossly violate due process. Accordingly, this case should be dismissed for lack of personal jurisdiction.

## II. ARGUMENT AND CITATIONS OF AUTHORITY

### A. Plaintiff Must Show That The Exercise of Jurisdiction Over Mr. Sumner Would Comport With Due Process.

Rule 12(b)(2) of the Federal Rules of Civil Procedure provides for the dismissal of actions and claims where the Court lacks personal jurisdiction over a non-resident defendant. To establish personal jurisdiction over a non-resident defendant based on either a federal statute that does not authorize nationwide service of process or diversity of citizenship, a court must make a

---

[3] Notably, the words "Denver Post" do not appear on the photograph, and there is nothing in the photograph bearing any connection to Colorado. [Exhibits 1 and 2 to the Complaint]. It thus would have been entirely impossible for anyone, including Mr. Sumner, to know that this photograph has any link whatsoever to Colorado (or that the photograph's automated appearance on the DailyKix.com website would subject Mr. Sumner to a lawsuit in Colorado). Indeed, the article and thumbnail image at the Dead Serious News website show no indication of a Denver Post or Colorado connection, and the Dead Serious News article refers to an incident in San Francisco. [Id.].

two-step inquiry.[4] First, the defendant must be amenable to service of process under the forum state's long-arm statute. <u>Peay, et al., v. BellSouth Medical Assistance Plan, et al.</u>, 205 F.3d 1206, 1209 (10th Cir. 2000); <u>Allison v. Wise</u>, 621 F. Supp. 2d 1114, 1117 (D. Colo. 2007). A non-resident defendant is subject to service and long-arm jurisdiction only if a federal statute provides for such, or if a forum state's long arm statute subjects the resident to the jurisdiction of the Court. <u>See</u> Fed R. Civ. P., Rule 4(k). Second, the exercise of jurisdiction must comport with due process. <u>National Business Brokers, Ltd., v. Jim Williamson Productions, Inc.</u>, 115 F. Supp. 2d 1250, 1253 (D. Colo. 2000). Because Colorado's long-arm statute extends personal jurisdiction within Colorado as far as the federal constitutional requirements of due process permit, the analysis collapses into a single examination of whether the requirements of due process are satisfied. <u>Allison</u>, 621 F. Supp. 2d at 1117 (<u>citing</u> <u>Keefe v. Kirschenbaum & Kirschenbaum, P.C.</u>, 40 P.3d 1267, 1270 (Colo. 2002)).

### 1. The Constitutional Requirements of Due Process

"The Due Process Clause protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful 'contacts, ties, or relations.'" <u>Burger King Corp. v. Rudzewicz</u>, 471 U.S. 462, 471-2 (1985) (<u>quoting</u> <u>Int'l. Shoe Co. v. Washington</u>, 326 U.S. 310 319 (1945)). "By requiring that individuals have 'fair warning that a particular activity may subject [them] to the jurisdiction of a foreign sovereign' … [cit. omitted] …, the Due Process Clause 'gives a degree of predictability to the legal system that allows potential defendants to structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit.'" <u>Id.</u> at 472 (<u>quoting</u> <u>World-

---

[4] The Copyright Act does not provide for nationwide service of process. <u>See</u> <u>Fort Knox Music, Inc. v. Baptists</u>, 203 F.3d 193, 196 (2nd Cir. 2000).

Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980)). For jurisdictional purposes, due process consists of two elements.

        a.      <u>Plaintiff Must Show Mr. Sumner Has Sufficient Minimal Contacts with Colorado.</u>

First, Mr. Sumner must have sufficient "minimum contacts" with the forum state. <u>Int'l. Shoe</u>, 326 U.S. at 316; <u>Kuenzle v. HTM Sport-Und Freizeitgerate AG</u>, 102 F.3d 453, 455 (10th Cir. 1996). Such "minimum contacts" may be analyzed in terms of general or specific jurisdiction. <u>Helicopteros Nacionales de Columbia, S.A. v. Hall</u>, 466 U.S. 408, 414 (1984); <u>Trierweiler v. Croxton & Trench Holding Corp.</u>, 90 F.3d 1523, 1532 (10th Cir. 1996).

For Mr. Sumner to be subject to *general* jurisdiction, he must have "continuous and systematic" contacts with the forum state. <u>Helicopteros</u>, 466 U.S. at 416 (emphasis added). "Where a forum seeks to assert *specific* jurisdiction over an out-of-state defendant who has not consented to suit there, [the]'fair warning' requirement is satisfied if the defendant has 'purposefully directed' his activities at residents of the forum, … [cit. omitted] …, and the litigation results from alleged injuries that 'arise out of or relate to those activities, ….'" <u>Burger King Corp.</u>, 471 U.S. at 472-3 (quoting <u>Helicopteros</u>, 466 U.S. at 414). "[T]he constitutional touchstone remains whether the defendant *purposefully* established 'minimum contacts' in the forum State." <u>Id.</u>, at 474 (citing <u>Int'l. Shoe</u>, 326 U.S. at 316) (emphasis added). "Although it has been argued that foreseeability of causing *injury* in another State should be sufficient to establish such contacts there when policy considerations so require, the Court has consistently held that this kind of foreseeability is not a 'sufficient benchmark' for exercising personal jurisdiction." <u>Id.</u> at 475 (citing <u>World-Wide Volkswagen</u>, 444 U.S. at 295). Rather, "the foreseeability that is critical to due process analysis … is that the defendant's conduct and connection with the forum

7

State are such that he should reasonably anticipate being haled into court there." Id. (quoting World-Wide Volkswagen, 444 U.S. at 297).

Thus, the "unilateral activity of another party or a third person is not an appropriate consideration when determining whether a defendant has sufficient contacts with a forum State to justify an assertion of jurisdiction." Helicopteros, 466 U.S. at 416 (finding that acceptance of checks drawn on a Texas bank is of "negligible significance" for purposes of determining sufficiency of contacts with Texas). Rather, "… it is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." Hanson v. Denckla, 357 U.S. 235, 253 (1958). Accordingly, "[j]urisdiction is proper, … , where the contacts proximately result from actions by the defendant *himself* that create a 'substantial connection' with the forum State." Burger King Corp., 471 U.S. at 475 (emphasis in original) (citing McGee v. Int'l. Life Ins. Co., 355 U.S. 220, 223 (1957)).

        b.      The Exercise of Jurisdiction Over Mr. Sumner Must Also Comport with Fair Play and Substantial Justice.

If sufficient minimum contacts exist, the second element of the due process inquiry still requires that the Court determine whether the exercise of personal jurisdiction over Mr. Sumner would comport with "fair play and substantial justice." Int'l Shoe, 326 U.S. at 316. That is, the Court must determine whether assuming personal jurisdiction over the defendant is "reasonable" in light of the circumstances surrounding the case. OMI Holdings, Inc. v. Royal Ins. Co. of Canada, 149 F.3d 1086, 1091 (10th Cir. 1998). Factors to be considered include "the burden on the defendant in defending the lawsuit, the forum state's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief, the interstate judicial system's

interest in obtaining the most efficient resolution of controversy, and the shared interest of the states in furthering fundamental social policies." World-Wide Volkswagen, 444 U.S. at 292.

### 2. Plaintiff's Burden of Proving Due Process Requirements are Satisfied.

Plaintiff bears the burden of establishing a *prima facie* case of personal jurisdiction. Soma Med. Int'l v. Std. Chtd. Bank, 196 F.3d 1292, 1295 (10th Cir. 1999); Behagen v. Amateur Basketball Assoc., 744 F.2d 731, 733 (10th Cir. 1984), *cert. denied*, 471 U.S. 1010 (1985). The allegations in Plaintiff's Complaint are taken as true unless contradicted by evidence submitted by Mr. Sumner. Behagen, 744 F.2d at 733. "[I]f the jurisdictional allegations are challenged by an appropriate pleading," Plaintiff must "support [the] jurisdictional allegations in [its] complaint by competent proof of the supporting facts." Pytlik v. Professional Resources, Ltd, 887 F.2d 1371, 1376 (10th Cir. 1989).

### B. The Court Should Dismiss The Complaint For Lack of Personal Jurisdiction.

#### 1. There Is No Basis For The Court To Exercise General Jurisdiction.

General jurisdiction is only proper when the defendant has "continuous and systematic" contacts with the forum. Helicopteros, 466 U.S. at 416. Mr. Sumner is not subject to general jurisdiction in Colorado, and Plaintiff not even alleged that Mr. Sumner has systematic contacts with Colorado sufficient to support a finding of general jurisdiction.

Mr. Sumner resides in Georgia. [Sumner Dec., at ¶ 1]. He is the lone person associated with the operations of the website DailyKix.com. [Id., at ¶ 2]. The website is housed on a computer server in Kansas. [Id., at ¶ 3]. It has never been housed anywhere other than in Kansas, and it has thus never been housed in Colorado. [Id.]. Mr. Sumner maintains the website from his residence in Georgia. [Id., at ¶ 4]. He has never maintained the website from within Colorado. [Id.].

9

Mr. Sumner does not reside in and has never resided in Colorado, and he does not own and has never owned property in Colorado. [Id., at ¶ 13]. Neither he nor DailyKix.com maintain any offices, statutory agents, telephone listings, mailing addresses, bank accounts, or licenses in Colorado. [Id.]. The website is not aimed at or directed to Colorado residents. [Id.]. Mr. Sumner and DailyKix.com have never provided any goods or services to any person or entity in Colorado. [Id.]. Neither Mr. Sumner nor DailyKix.com has ever transacted, advertised or solicited any business in Colorado. [Id.]. Finally, neither Mr. Sumner nor DailyKix.com has ever derived any revenue from Colorado. [Id.]. As such, Mr. Sumner's complete lack of any contacts with Colorado, let alone systematic contacts, demonstrates that the Court cannot exercise general jurisdiction over Mr. Sumner consistent with due process. See Trierweiler, 90 F.3d at 1532-33; OMI Holding, Inc., 149 F.3d. at 1091.

The lone jurisdictional contact on which Plaintiff will likely rely to attempt to persuade the Court to exercise general jurisdiction is Mr. Sumner's involvement with the website DailyKix.com. However, under well-settled case law, the exercise of jurisdiction based on his maintenance of this website would offend due process. The Tenth Circuit Court of Appeals utilizes a sliding scale to determine whether general jurisdiction can be exercised over a defendant due to his or her maintenance of a website. Soma Med Int'l, 196 F.3d at 1296 (citing Patriot Sys, Inc., v. Cubed Com., 21 F. Supp. 2d 1318, 1323-24 (D. Utah 1998)). The framework developed for determining whether a website subjects its author to the general personal jurisdiction of a particular forum classifies websites into three categories: (1) business websites through which the site's author "clearly conducts business over the Internet between different fora"; (2) passive websites; and (3) interactive websites. Miller v. Kelly, 2010 WL 4684029, at

*3 (D. Colo Nov. 12, 2010) (quoting SCC Commc'ns. Corp. v. Anderson, 195 F.Supp.2d 1257, 1260 (D. Colo. 2002) and citing Soma Med. Int'l, 196 F.3d at 1296).

A website falls within the first category if its author uses it to "'enter into contracts with residents of foreign jurisdictions that involve the knowing and repeated transmission of computer files over the Internet." Miller. 2010 WL 4684029, at *3 (quoting Soma Med. Int'l, 196 F.3d at 1296). "An interactive website is one where a user can exchange information with the host computer." Miller. 2010 WL 4684029, at *3 (quoting Soma Med. Int'l, 196 F.3d at 1296). "A passive website is one where the site's author has merely posted information that is accessible to a user in a different forum." Miller. 2010 WL 4684029, at *3 (quoting SCC Commc'ns., 195 F.Supp.2d at 1260).

It is well settled that a defendant's authorship of a passive website does not by itself subject him to a forum's general personal jurisdiction. Miller, 2010 WL 4684029, at *3. Thus, personal jurisdiction is not established "when the Internet use involves [a] passive Web site that does little more than make information available to those who are interested in it." Soma Med. Int'l., 196 F.3d at 1297; see also Sea-Alis, LLC v. Porter, Inc., 2011 WL 318699 (D. Colo. Jan. 28, 2011) (denying motion for default judgment where, in relying on defendant's passive website by which defendant allegedly solicited business to the entire world including Colorado residents, plaintiff failed to establish *prima facie* showing of minimum contacts); Sharpshooter Spectrum Venture, LLC, v. Consentino, 2009 WL 4884281 (D. Colo.) (New York defendant improperly called to suit in Colorado where defendant's website had a mere passive presence even though it advertised defendant's services to the public).

As set forth in Mr. Sumner's Declaration, Mr. Sumner's involvement with the passive website DailyKix.com is wholly insufficient to confer general jurisdiction over him.[5] The website DailyKix.com does not transact any business, let alone business with any Internet users in fora other than Georgia. [Id., at ¶¶ 2, 13]. It is thus not a business website. Users of the DailyKix.com website also do not interact with or exchange information with the site in the process of viewing links to stories like the one at issue in this lawsuit. [Id., at ¶ 8]. It is thus not an interactive website. Rather, the website simply automatically aggregates material from other sites, which is then accessible and viewable to users browsing the DailyKix.com website, including to users in different fora. [Id., at ¶¶ 5-8]. It is thus, for jurisdictional purposes, a prototypical passive website. Accordingly, Mr. Sumner's maintenance of the website DailyKix.com cannot constitutionally subject him to the general jurisdiction of this Court. Indeed, a holding to the contrary would be a dangerous precedent and, in the Internet era, would arguably render most businesses and/or website operators subject to nationwide jurisdiction. See, generally, Jennings v. AC Hydraulic A/S, 383 F.3d 546, 550 (7th Cir. 2004) ("With the omnipresence of the Internet today, it is unusual to find a company that does not maintain at least a passive website. Premising personal jurisdiction on the maintenance of a website, without requiring some level of 'interactivity' between the defendant and consumers in the forum state, would create almost universal personal jurisdiction because of the virtually unlimited accessibility of websites across the country."); see also Sportschannel New England Ltd. Ptshp. v. Fancaster, Inc., 2010 WL 3895177 (D. Mass. Oct. 1, 2010) ("In the era of Facebook, where most websites now allow users to 'share' an article, choose to 'like' a particular page, add

---

[5] Notably, Plaintiff has pled no facts in its Complaint purportedly supporting the exercise of general jurisdiction over Mr. Sumner based on his involvement with the website DailyKix.com. Notwithstanding Plaintiff's complete failure to lay any purported jurisdictional predicate, Mr. Sumner has undertaken to present the facts relevant to the Court's jurisdictional inquiry and to demonstrate why the Court cannot exercise general jurisdiction over him consistent with due process.

comments, and e-mail the site owners, the Jennings reasoning may now extend to moderately interactive sites as well.  If virtually every website is now interactive in some measure, it cannot be that every website subjects itself to litigation in any forum-unless Congress dictates otherwise").

### 2. There Is No Basis For The Court To Exercise Specific Jurisdiction.

A federal court may only assume specific jurisdiction over a non-resident defendant who "purposefully avails himself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." Allison, 621 F. Supp. 2d at 1119; See also Melea, Ltd., v. Jawer SA., 511 F.3d 1060, 1066 (10th Cir. 2007) (quoting Burger King Corp., 471 U.S. at 472-73).  The main factor in any specific jurisdiction analysis is foreseeability -- was it reasonably foreseeable to the Defendant that its action(s) could result in litigation in the state in question.  Bell Helicopter Textron, Inc., v, Heliquest, Int'l. Ltd., 385 F.3d 1291, 1295-96 (10th Cir. 2004)); see also Allison, 621 F. Supp. 2d at 1120.  The Tenth Circuit has determined that in order to gain specific jurisdiction for internet activity, the contacts must be "(a) an intentional action ... that was (b) expressly aimed at the forum state .... with (c) knowledge that the brunt of the injury would be felt in the forum state." Dudnikov v. Chalk Vermillion Fine Arts, Inc., 514 F.3d 1063, 1074-77 (10th Cir. 2008) (quoting Calder v. Jones, 465 U.S. 783, 787-88 (1984)).

Furthermore, an injury allegedly occurring in the forum which arises from alleged copyright infringement is in and of itself insufficient to confer personal jurisdiction. Allison, 621 F. Supp. 2d at 1120.  Rather, the Plaintiff "must present 'something more' than the injuries [it] allegedly suffered as a result of the out-of-forum [copyright] infringement." Id. (quoting Regional Airline Mgmt. Systems, Inc. v. Airports USA, Inc., 2007 WL 1059012 at *5 (D. Colo. April 4., 2007) (quoting Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 804 (9th Cir.

2004))). "That 'something more' is the requirement that the defendant have 'expressly aimed' his activities at the forum state such that the forum is the 'focal point' of the tort and the injury. Id.; see also Dudnikov, 514 F.3d at 1075 n. 9 (noting the more restrictive approach adopted by the Tenth Circuit with respect to the "expressly aimed" requirement, i.e., that the forum state itself must be the focal point of the alleged tort).

Finally, accessibility of a website by residents of the forum state is insufficient to prove that conduct was expressly aimed at the forum state. Sharpshooter, 2009 WL 4884281, at *6; see also Cybersell, Inc. v. Cybersell, Inc., 130 F.3d 414, 420 (9th Cir. 1997) (if "every complaint arising out of alleged [ ] infringement on the Internet would automatically result in personal jurisdiction wherever the plaintiff's principal place of business is located ... [t]hat would not comport with traditional notions of what qualifies as purposeful activity invoking benefits and protections of the forum state"). Rather, there must be "something more to indicate the defendant purposefully (albeit electronically) directed his activity in a substantial way to the forum state," such as "contracts with parties in the forum state, sales to customers in the forum state, business visits to the forum state, or the number of hits received by a Web site from residents in the forum state." Sharpshooter, 2009 WL 4884281, at *6 (citing Zippo Mfg. Co. v. Zippo Dot Com, Inc., 952 F.Supp. 1119, 1124 (W.D. Pa. 1997).

        a.     Mr. Sumner Has Not Expressly Aimed *Any* Activities at Colorado.

This action is completely devoid of any contacts by Mr. Sumner which would support the exercise of specific jurisdiction. Mr. Sumner and the DailyKix.com website did not intentionally or knowingly reproduce or publish the photograph at issue; rather, the DailyKix.com website auto-populated the photograph based on the popularity of the article at mixx.com. [Sumner Dec., at ¶¶ 10-12]. Mr. Sumner thus did not reproduce or publish the photograph to anyone, let alone

to Colorado residents, and he did not direct the website to Colorado residents. [Id., at ¶¶ 12, 13]. Further, Mr. Sumner had no knowledge that the photograph was originally published in the Denver Post or that, as Plaintiff alleges, it emanated from Colorado. [Id., at ¶ 10]. In sum, Mr. Sumner did not expressly aim or purposefully direct *any* activities into Colorado, and there is no basis for the Court to exercise specific jurisdiction over him. [Id., at ¶ 13].[6]

    b.  <u>Plaintiff's Conclusory Allegations Purportedly Supporting Jurisdiction Should Be Disregarded.</u>

In determining whether the plaintiff has made a *prima facie* showing that Mr. Sumner is subject to the Court's personal jurisdiction, the "Court [] accept[s] the well-pled allegations[,] namely the plausible, nonconclusory, and nonspeculative facts...[,] but "accords no deference to Plaintiff's conclusory and wholly unsupported allegations." <u>Miller</u>, 2010 WL 4684029, at *3, 4. <u>Id.</u> (citing <u>Ashcroft v. Iqbal</u>, 556 U.S. --, 129 S.Ct. 1937, 1939 (2009); <u>see also</u> <u>Wenz v. Memery Crystal</u>, 55 F.3d 1503, 1505 (10th Cir. 1995) ("only the well pled facts of plaintiff's complaint, as distinguished from mere conclusory allegations, must be accepted as true"). Plaintiff's Complaint is rampant with thread-bare, conclusory allegations purporting to support jurisdiction:

- The focal point of the Infringement is Denver, Colorado. ¶ 15.
- At all times relevant to this lawsuit, the Infringement occurred and continues to occur in Colorado. ¶ 21.
- The harm caused by the Infringement, was experienced, at least in part, in Colorado. ¶ 23.

---

[6] Mr. Sumner's limited, passive activities are in contrast to those of some other defendants whom Plaintiff has sued alleging copyright infringement. For example, unlike the defendant in <u>Righthaven LLC v. South Coast Partners, Inc,</u> whom the United States District Court for the District of Nevada found could be haled into a court in Nevada to answer Plaintiff's claims, Mr. Sumner did not actually go the website where the allegedly infringing material was posted and then reproduce it to his own website. 2011 WL 534046 (D. Nev. Feb. 8, 2011) (denying motion to dismiss for lack of jurisdiction where defendant posted an authorized copy of the contents of a news article to his website).

15

Each of these allegations is conclusory and wholly unsupported. They should thus all be given no weight in the Court's jurisdictional analysis.

        c.      <u>Even if the Court Does Not Disregard Plaintiff's Conclusory Jurisdictional Allegations, those Allegations Are Insufficient to Support Jurisdiction.</u>

Putting aside the pleading deficiencies with Plaintiff's jurisdictional allegations, these conclusory allegations are either untrue or do not support jurisdiction.

Plaintiff alleges that the "Infringement" and alleged harm occurred in Colorado. This allegation is legally incorrect, as "the place of the injury is the place where the [wrong] is committed." See Allison, 621 F.Supp.2d at 1120 (dismissing defendant in copyright infringement action where "it appears that Colorado is neither the place of the alleged tort nor its harm").

Plaintiff also asserts that the photograph at issue was "accessible to persons in Colorado." Complaint, at ¶ 20. However, this completely unsubstantiated allegation, even if given any deference, is wholly insufficient to establish jurisdiction over Mr. Sumner. Shrader v. Biddinger, --- F.3d ---, 2011 WL 678386 (10th Cir. Feb. 28, 2011) ("The maintenance of a web site does not in and of itself subject the owner or operator to personal jurisdiction, even for actions relating to the site, simply because it can be accessed by residents of the forum state").

In sum, as demonstrated by Mr. Sumner's Declaration and by the absence of any allegations supporting jurisdiction over Mr. Sumner in Plaintiff's Complaint, Mr. Sumner lacks sufficient contacts with Colorado such that the exercise of either general or specific jurisdiction would be proper.[7]

---

[7] Plaintiff's lack of contacts with the forum bears noting. Plaintiff is a Nevada limited liability company operating a litigation mill whereby it purportedly accepts assignments in copyrights and then files actions against alleged infringers. Colorado is simply the latest venue where Plaintiff has commenced its business operations.

16

### 3. The Exercise of Jurisdiction Would Not Comport with Fair Play and Substantial Justice.

Because sufficient minimum contacts do not exist for this Court to constitutionally exercise jurisdiction over Mr. Sumner, the Court need not consider the second element of the due process inquiry. However, to the extent the Court find sufficient minimum contacts exist, the Court should still decline to exercise jurisdiction because doing so would not comport with fair play and substantial justice. The factors to be considered in analyzing the second element of the due process inquiry include the burden on the defendant in defending the lawsuit, the forum state's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief, the interstate judicial system's interest in obtaining the most efficient resolution of controversy, and the shared interest of the states in furthering fundamental social policies. World-Wide Volkswagen, 444 U.S. at 292.

These factors weigh against the exercise of jurisdiction. Neither the Plaintiff nor the state of Colorado nor has an interest in having this dispute resolved in this forum. The lawsuit is between parties who are not residents of Colorado. Neither party has contacts with Colorado. The lawsuit involves federal copyright law and does not involve rights or obligations under Colorado law. No harm has been suffered, let alone any harm suffered by a Colorado resident. The lone tenuous tie to the forum is that the photograph purportedly giving rise to Plaintiff's claims allegedly originated in Colorado. However, this strained connection does not in any way vest the state of Colorado, the Plaintiff, or the interstate judicial system with an interest in having this dispute resolved in this Court. Finally, as Mr. Sumner and all evidence related to Plaintiff's purported claim are located in Georgia, it would be burdensome for the parties to litigate this dispute in Colorado and the case would be most efficiently resolved in a Georgia court. Thus,

even if the Court finds minimum contacts exist, the Court should still decline to exercise jurisdiction.

### III. CONCLUSION

For the foregoing reasons, the Court should dismiss the Complaint for lack of personal jurisdiction. While Mr. Sumner has meritorious defenses to Plaintiff's purported claims for copyright infringement, see, e.g., Perfect 10, Inc. v. Amazon.com, Inc., 487 F.3d 701 (9th Cir. 2007) (Google's use of thumbnail images constitutes a fair use), due process requires that he not be forced to litigate those defenses in a forum in which he has no contacts. Accordingly, Mr. Sumner respectfully requests that the Court enter an order dismissing this case for lack of jurisdiction.

Respectfully submitted this 5th day of April, 2011.

CONTIGUGLIA / FAZZONE, P.C.

/s/ Andrew J. Contiguglia
By: _____
    Andrew J. Contiguglia
    Colorado Bar No. 26901
    400 S. Colorado Blvd., Suite 830
    Denver, Colorado 80246
    O:  (303) 780-7333
    F:  (303) 780-7337

RANDAZA LEGAL GROUP

/s/ Marc Randazza
By: _____
    Marc Randazza
    California Bar No. 269535
    J. Malcolm DeVoy
    Nevada Bar No. 11950
    7001 W. Charleston Blvd., #1043
    Las Vegas, Nevada  89117
    O:  (888) 667-1113
    F:  (305) 437-7662

BERMAN FINK VAN HORN P.C.
Charles H. Van Horn
Georgia Bar No. 724710
(Application Pending)
3423 Piedmont Road, N.E., Suite 200
Atlanta, Georgia  30305
O:  (404) 261-7711
F:  (404) 233-1943
cvanhorn@bfvlaw.com
nweinrich@bfvlaw.com

COUNSEL FOR DEFENDANTS

**CERTIFICATE OF SERVICE**

I certify that, on April 5, 2011, I electronically filed the foregoing BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record:

Steven G. Ganim, Esq.
Shawn A. Mangano, Esq.
Righthaven, LLC
9960 West Cheyenne Avenue, Suite 170
Las Vegas, Nevada  89129-7701
O:  (702) 527-5909
F:  (702) 527-5909
E-mail:  sganim@righthaven.com
E-mail:  shawn@manganolaw.com


CONTIGUGLIA / FAZZONE, P.C.

By: ___/s/ Andrew J. Contiguglia___
Andrew J. Contiguglia
Colorado Bar No. 26901
400 S. Colorado Blvd., Suite 830
Denver, Colorado 80246
O:  (303) 780-7333
F:  (303) 780-7337